## MUSE *v.* WRIGHT & COMPANY.

In an action of trover by a vendor against a vendee, in which the former claims title based upon a note reserving to himself title to the property sold until the purchase-money is paid, no demand is necessary where it appears that the defendant was in possession of the property, claiming title thereto, at the time of the action, his defense being that, owing to a partial failure of consideration, he was not due the balance of the purchase-money to the plaintiff.

Argued February 4, — Decided March 25, 1898.

Trover — certiorari. Before Judge Felton. Bibb superior court. April term, 1897.

*Hardeman & Moore*, for plaintiff in error.
*Dessau, Bartlett & Ellis*, contra.

SIMMONS, C. J.   Wright & Co. sold a horse to Muse, taking his promissory note for the purchase-money. They reserved title in themselves until the note should be fully paid. Muse made a payment upon the note, but refused to pay the balance; and Wright & Co. began an action of trover in a justice's court for the recovery of the horse. The sole defense of the defendant in the trial of the case in that court was, a partial failure of consideration. The jury found in plaintiff's favor, and the defendant sued out a writ of certiorari. This was overruled by

the superior court. In this writ the point is for the first time made, that there was no proof of a conversion by the defendant; that plaintiffs did not prove that they had made any demand upon him for the horse and that he had refused to surrender it. We think, under the circumstances disclosed by the record, that it was not necessary to prove a demand and refusal to deliver the horse. The defendant was in possession of the horse at the time the suit was brought. Our Civil Code, § 3887, provides that in actions of trover "it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought." It is contended by counsel for plaintiff in error, that this section applies only where the possession is tortious or wrongful. Whether this contention be sound or not, it is unnecessary to decide in this case, as we hold that under the facts a demand for the horse would have been unavailing. Muse, the defendant, made no such point on the trial of the case in the justice's court, but relied solely upon his defense that the consideration had partially failed. In other words, he claimed that he had paid for the horse as much as it was worth, that he ought not to be compelled to pay more, and that plaintiffs ought not to recover the horse from him. If he was honest in this defense, a demand upon him for the horse would have been refused. "Where the circumstances are such as to show that a demand would have been unavailing, no demand is necessary." Cobbey on Replevin, §§ 459 and 467; Smith & Co. v. McLean, 24 Iowa, 322; Johnson v. Howe, 2 Gilm. (Ill.) 342; Shoemaker v. Simpson, 16 Kas. 43; Cranz v. Kroger, 22 Ill. 74; Gottlieb v. Hartman, 3 Colo. 53.

*Judgment affirmed. All the Justices concurring.*