## GRANT *v.* MILLER.

1. When a husband, for the purpose of paying his debt, sells to his creditor personal property of his wife, and the creditor knows at the time that the property belongs to the wife, such creditor acquires no title thereto, although the wife consented to the sale or transfer.
2. In an action of bail-trover by the wife against such creditor of the husband, for the purpose of recovering the property, where bond was given by the defendant as provided in such actions, and it appeared from the evidence in behalf of the plaintiff that the defendant was in actual possession of the property at the time of the suit, to which action he had

filed his plea claiming title to the property, it was error in the judge to grant a nonsuit on the ground that no demand was shown by plaintiff upon defendant for the property before the institution of her suit.

Argued May 10, — Decided June 7, 1899.

Trover and bail. Before Judge Butt. Muscogee superior ·court. November term, 1898.

*Cameron & Hargett*, for plaintiff in error.

LEWIS, J. Mrs. A. G. Grant brought her action of bail-trover against O. H. Miller, to recover from him a certain horse, her petition being in the usual form, asserting title to the property and alleging that the defendant was in possession thereof and refused to surrender the same. In response to this petition the defendant by his answer alleged that the property ·did not belong to the plaintiff but was owned by the defend-.ant, and gave bail-bond and security. On the trial of the case it appeared from plaintiff's testimony that her husband sold the animal to the defendant, with the understanding and agreement between the two that a part of the proceeds of the ·sale should be credited by the defendant on a note for land due by the husband to the defendant, and the balance on some ·other indebtedness due by him to the defendant, and that at the time of this trade the defendant knew that the property belonged to the plaintiff in this suit. Plaintiff went with her husband to the defendant's at the time the trade was made. Plaintiff does not think she made any demand for the property ·on the defendant before bringing this suit, but she told the defendant she did not think it was right for him to take back the land and keep the horse too. After the testimony had closed, on motion of defendant's counsel the court granted a nonsuit, ·on the ground that the evidence showed no demand made upon the defendant for the property before the suit was filed.

1. There can be no question, under the testimony in this ·case introduced in behalf of the plaintiff, that the defendant ·acquired, under the transaction between him and the plaintiff's husband, no title to the property in dispute, but that the title remained in the wife. Section 2474 of the Civil Code declares that the property of the wife shall not be liable for the pay-

ment of any debt, default, or contract of the husband; and section 2488 declares that the wife "can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." It necessarily follows that if the wife can not herself sell her property to pay her husband's debts, she can not ratify such a sale if made by her husband. This, in effect, was decided in the case of *Chappell* v. *Boyd,* 61 *Ga.* 662. See also *Humphrey* v. *Copeland,* 54 *Ga.* 543 ; *Kent* v. *Plumb,* 57 *Ga.* 207 ; *Maddox* v. *Oxford,* 70 *Ga.* 179 ; *Klink* v. *Boland,* 72 *Ga.* 486.

2. The plaintiff in this case, then, clearly had a right to maintain an action of trover to recover her property, and under the facts of this case we think the court erred in dismissing her action on the ground of her failure to demand the property of the defendant before bringing suit. There can be but one object in proving demand in the trial of an action for the recovery of personal property, and that is for the purpose of showing conversion thereof by the defendant. In this case the possession was admitted by the defendant, and he rested his defense solely upon the ground that the title to the property was in him and not the plaintiff. Section 3887 of the Civil Code declares that it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought. Section 3897 provides that if the defendant disclaim title to the property, he can at the first term tender it to the plaintiff, together with reasonable hire for the same since the conversion, and in that event the costs of the action shall be paid by the plaintiff, unless he can prove a previous demand of the defendant, and a refusal to deliver it up. Construing these sections together, it would seem that in an action of trover the only object in proving a demand and refusal would be to save the plaintiff the payment of the costs in the event the defendant should disclaim title to the property. But this is not an open question in this court. In the case of *Muse* v. *Wright,* 103 *Ga.* 783, it was decided that in an action of trover by a vendor against a vendee, in which the former

claimed title based upon a note reserving to himself title to the property sold until the purchase-money was paid, no demand was necessary where it appeared that the defendant was in possession of the property, claiming title thereto, at the time of the action. If this is true in the case of a conditional sale, with more force would the principle be applied to a case where the plaintiff not only owned the property absolutely, but defendant never had any title to, or right of possession of, the same.

*Judgment reversed. All the Justices concurring.*