### GLENN *v.* AUGUSTA DRUG COMPANY.

ATKINSON, J. The court did not commit error by overruling the petition for certiorari in this case.

*Judgment affirmed. All the Justices concur.*

Submitted July 18,—Decided November 16, 1906.

Certiorari.    Before Judge Holden.    Glascock superior court. October term, 1905.

Execution was levied, and affidavit of illegality interposed. A jury in a justice's court found against the illegality. The finding

was sustained on certiorari, and the defendant excepted. The affidavit of illegality is not in the record, nor are its grounds stated in the petition for certiorari or elsewhere in the transcript or bill of exceptions. The defendant was personally served with the summons in the suit wherein was rendered the judgment on which the execution issued, and appeared and suffered judgment to be rendered. The assignments of error in the petition for certiorari raise the following points:

1. That the suit in which the judgment was rendered was void, the name of the plaintiff, "Augusta Drug Co.," not importing a legal entity; there being no allegation that the same was a corporation or a partnership.

2. That the summons was invalid, it being directed "To the defendant," who was named in the caption but not in the body of the summons.

3. That the levy of the execution was void, the same being directed "To all and singular the constables of said county," and the levy having been made by the sheriff on personal property. It appeared that a constable, before the levy by the sheriff, had levied on the same property by virtue of process other than the execution in question, and had taken a forthcoming bond. Upon the levy by the sheriff the defendant gave to this officer a forthcoming bond for the property.

4. That the defendant should have had an opportunity to point out property for levy. The sheriff's entry of levy recites that the property levied on was pointed out by the plaintiff, and that it was in the possession of the defendant. There is no evidence as to whether the defendant was given an opportunity to point out property.

5. That the original suit was brought on a promissory note signed by the defendant apparently as principal, and by one Logue as security, and indorsed by one Carroll; that before trial the plaintiff dismissed the action as to Logue and Carroll; and that therefore the defendant was discharged from liability.

6. That the summons, judgment, and execution were all void, there being no such party plaintiff named and described as is required by law.

7. That during the argument of defendant's counsel one of the

jurors slept (or, according to the magistrate's answer, "napped a little"), which rendered the trial and verdict void.

8. That the magistrate tried to stop the defendant's counsel when he argued to the jury that the entry of levy was in the handwriting of the plaintiff's attorney, and that defendant at no time was given a chance to point out property for levy. There was no evidence that the entry of levy was in the handwriting of the plaintiff's attorney.

9. That when the defendant's counsel was making the concluding argument to the jury (the defendant having introduced no evidence) and was discussing an authority cited, to which he had not referred in his opening argument, the magistrate, over his objection, allowed the plaintiff's counsel to interrupt and argue in answer to the plaintiff's counsel concerning the cited authority thus referred to.

10. That the verdict is contrary to law, and unsupported by evidence.

*E. L. Stephens,* for plaintiff in error.   *I. S. Peebles, Jr.,* contra.