### 1862. BLACK, sheriff, *v.* WEAVER, trustee.

RUSSELL, J. 1. The sheriff's omission to swear to his answer to the rule was waived at the trial, by the failure of the movant of the rule to object, upon that ground, to the answer, and by not moving to strike the answer. The court will not consider such a defect when pointed out for the first time in this court, or adjudge the merits of an objection not presented in the trial court.

2. This rule was brought to require the sheriff of the city court to pay over money alleged to have been collected by him upon an execution. The respondent answered that for want of sufficient information he could neither admit nor deny the allegations that the movant was the duly appointed trustee in bankruptcy of the plaintiff in fi. fa. This placed upon the movant in the rule the burden of establishing his allegation by proof. It does not appear that any testimony was introduced tending to show that the movant had ever been appointed as trustee in bankruptcy of the plaintiff in fi. fa., and hence the movant failed to establish his right to enforce the distribution or to ask a judgment absolute upon the rule.

3. Although the several city courts in this State are without jurisdiction in equity in a general sense, still they may mould their judgments, upon rules brought to effect a distribution of funds in their custody, in accordance with equitable principles. *Rylee* v. *Bank of Statham, ante,* 487 (67 S. E. 383). Hence, where the same person holds the two offices of sheriff of the city court and sheriff of the county, and a rule is brought in the city court to distribute a fund held by him as an officer of that court, the city court may proceed with the distribution of the fund, notwithstanding a prior rule nisi was issued upon a petition for a rule to distribute, filed in the superior court against the same individual as an officer of the latter court, on the theory that he held the fund as sheriff of the county. In such a case the superior court does not take jurisdiction, except by virtue of a prayer for special equitable relief.

*Judgment reversed.*

Money rule; from city court of Blakely—Judge Jordan. March 16, 1909.

Argued June 10, 1909.—Decided February 26, 1910.

*R. H. Sheffield, Hawes & Pottle,* for plaintiff in error.

*Glessner & Park,* contra.