### 5751. WHITCHARD *v.* EXCHANGE NATIONAL BANK.

WADE, J. 1. The fact that a wife may have consented for her husband to include personal property, belonging to her, in a mortgage executed by him to secure his individual debt would not estop her from thereafter setting up her title to the property, where the mortgagee had knowledge of the true ownership of the property at the time the mortgage was executed. If she can not herself mortgage her property to secure the payment of a debt of her husband, neither can she indirectly accomplish the same result by consenting that her individual property be hypothecated to secure a debt contracted by him, where the creditor knows at the time that the property belongs to the wife. *Humphrey* v. *Copeland,* 54 *Ga.* 543; *Chappell* v. *Boyd,* 61 *Ga.* 662, 669; *Klink* v. *Boland,* 72 *Ga.* 485, 493; *Morris* v. *Winkles,* 88 *Ga.* 717, 721 (15 S. E. 747); *Grant* v. *Miller,* 107 *Ga.* 804 (33 S. E. 671); *Anthony* v. *Cody,* 135 *Ga.* 329, 333 (69 S. E. 491). But where a wife's personal property, apparently in the possession of her husband, is by her consent mortgaged by him as his own property, not to secure a pre-existing debt, but to secure a loan contemporaneously made to him by a person acting on the faith of the husband's asserted and apparent ownership of the property and without knowledge of circumstances sufficient to put the creditor on inquiry as to her ownership, and where a judgment is obtained against the husband in a suit on the note secured by the mortgage, and a levy is made on the mortgaged property under an execution issued on that judgment, the wife is estopped from claiming title to the property as against the

creditor. Civil Code, § 5738; *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (3), 672 (79 S. E. 576).

2. There being evidence that, in the creation of the debt in question, the credit was extended and the mortgage taken from the debtor on the faith of his apparent ownership of the mortgaged property, testimony of the claimant, that she was "perfectly willing" for her husband "to make this mortgage just as he made it," was not irrelevant on the ground that she would not be bound by her consent to the making of a mortgage on her property for a debt which was not her own debt.

3. Of the property levied on, certain parts (the buggy and the harness) were not included in the mortgage, and uncontradicted evidence showed that they were property of the claimant, paid for out of her separate estate. The verdict finding the buggy and harness subject to. the fi. fa. was therefore unauthorized. *Judgment reversed. Roan, J., absent.*
DECIDED SEPTEMBER 11, 1914.

Levy and claim; from city court of Fitzgerald—Judge Griffin. April 4, 1914.

*Haygood & Cutts, Owens Johnson,* for plaintiff in error.

*L. Kennedy,* contra.