## MOORE *v.* RAMSEY & LEGWEN.

ATKINSON, J. 1. An action of trover was instituted to recover described personal property. In her answer the defendant alleged that "she is the owner" of the property and "refuses to deliver" it to the plaintiffs. On the trial there was no evidence that the plaintiffs had made a demand upon the defendant for the property, or that she had refused to deliver. *Held*, that, the defendant having alleged in her answer that she was owner and admitted that she refused to deliver the property to the plaintiffs, it was not incumbent upon them to prove a demand and a refusal of the defendant to deliver. *Muse* v. *Wright*, 103 *Ga.* 783 (30 S. E. 662); *Grant* v. *Miller*, 107 *Ga.* 804 (33 S. E. 671).

2. The plaintiffs relied for title on two bills of sale, one executed by the defendant's husband, lately deceased, to secure a note which he had given as collateral security for advancements for farm supplies, previously made and to be made during the year, and the other executed by the defendant in the spring of the succeeding year, as collateral security for advancements to be made during that year. Both were attacked as void on account of usurious consideration. Defendant's title was based on a judgment of the court of ordinary setting apart the property to her as a year's support out of the estate of her deceased husband. Plaintiffs elected to take a money verdict. A verdict in their favor

was returned for an amount which was in excess of the amount due by defendant on her account, but less than the amount due on both ac-counts, and less than the amount of both notes, and also less than the proved value of the property in dispute. *Held:* (*a*) The evidence did not demand a verdict finding that either of the bills of sale was in-fected with usury. (*b*) The widow's title, under the judgment grant-ing her a year's support, was subservient to the title of plaintiffs under the bill of sale. (*c*) The verdict was authorized by the evidence.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 18, 1915.

Trover. Before Judge Hammond. Columbia superior court. February 20, 1914.

*I. S. Peebles Jr.,* for plaintiff in error.    *P. B. Johnson,* contra.