### 7156. PEARSON *v.* JONES.

BROYLES, J. 1. A motion in arrest of judgment must be based upon some defect *not amendable* which appears on the face of the record or pleadings. Civil Code, §§ 5957, 5960.

(*a*) An irregularity in the direction of the process of a suit is amendable, and where the plaintiff's petition, filed in the city court of Savannah, was served on the defendant by a deputy sheriff of that court, the judgment of the court in that case can not be arrested on the ground that the process attached to the petition was directed to the sheriff of Chatham county or his legal deputies, and that the sheriff of the county was not the sheriff of the city court of Savannah and had no authority to serve process from that court. *Smets* v. *Weathersbee,* R. M. *Charlt.* 537; *Warren* v. *Purtell,* 63 *Ga.* 428 (3); *Telford* v. *Coggins,* 76 *Ga.* 683; *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25); *Glenn* v. *Augusta Drug Co.,* 127 *Ga.* 5, 6 (55 S. E. 1032). The defect in the process attached to the petition in this case was amendable, and was cured by the verdict.

2. The process attached to the petition was dated August 4, 1915, and required the defendant "to be and appear at the next November term, 1915, of the city court of Savannah." This was sufficiently definite notice to the defendant as to the time at which he was required to appear in court. The date for holding the November term, 1915, of the city court of Savannah is fixed by law (Code of 1882, § 4916; Acts of 1915, p. 123), and the law gave notice to the defendant that the November term, 1915, of the city court of Savannah would be held on the first Monday in November, 1915. See *Ware* v. *Lamar,* 16 *Ga. App.* 560 (85 S. E. 824), and cases therein cited.

3. The right of election by the plaintiff to take a money verdict was not lost by reason of the fact that he instituted bail proceedings, and, upon failure of the defendant to give bond, replevied the property himself and had the same in his possession when the verdict for the value and hire of the property was returned. *Hudson* v. *Goff,* 77 *Ga.* 281 (3 S. E. 152), approved in *Mallary* v. *Moon,* 130 *Ga.* 591 (61 S. E. 401).

4. The pleadings in a case may be amended at any stage thereof, and there is no provision of law for the service upon the defendant of amendments made to a plaintiff's petition. *Miller* v. *Georgia R. Bank,* 120 *Ga.* 17 (47 S. E. 525).

(a) The amendment to the petition in this case was to the effect that the petitioner, before bringing his suit in trover, made demand upon the defendant for the property sued for and for the reasonable hire thereof; and, under the facts of the case, the allegations of this amendment were not essential to the petition, for the reason that the defendant was in possession of the property when the suit was filed and did not disclaim title thereto. Where the defendant is in possession at the time suit is entered, proof of demand and refusal is necessary only to save the plaintiff the costs of court in case the defendant should disclaim title to the property. Civil Code, §§ 4483, 4494; *Muse* v. *Wright*, 103 *Ga.* 783 (30 S. E. 662); *Grant* v. *Miller*, 107 *Ga.* 804 (33 S. E. 671). The petition, without the amendment, was sufficient in law to sustain the verdict and judgment.

5. The court did not err in overruling the motion in arrest of judgment.

*Judgment affirmed.*

DECIDED JULY 19, 1916.

Trover; from city court of Savannah—Judge Davis Freeman. December 11, 1915.

*Robert L. Colding,* for plaintiff in error.

*W. B. Stubbs, G. N. Alford,* contra.