20189.   DASHER *v.* INTERNATIONAL HARVESTER COMPANY OF AMERICA.

STEPHENS, J.   1. In a suit in trover brought by the vendor of personalty against the purchaser, where the defendant in his plea denies the plaintiff's title to the property, and where the defendant was in possession of the property when the action was brought, and the defense is that, due to a failure of consideration or a breach of warranty, the defendant does not owe a balance of the purchase-money, no proof of demand is necessary to establish a conversion. Civil Code (1910), § 4483; *Scarboro* v. *Goethe,* 118 *Ga.* 543 (45 S. E. 413); *Grant* v. *Miller,* 107 *Ga.* 804 (33 S. E. 671); *Muse* v. *Wright,* 103 *Ga.* 783 (30 S. E. 662); *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379 (3) (118 S. E. 478).

2. Although a vendor of personal property who has retained title thereto as security for the purchase-money has, in bringing a suit in trover against the purchaser to recover the property, elected to rescind the contract and is not suing thereon, the plaintiff's damage, so far as represented by the balance due under the contract, must necessarily be determined with reference to the terms of the contract. Civil Code (1910), § 4484:   *Moultrie* v. *Hill,* 120 *Ga.* 730 (6) (48 S. E. 143); *City of Jeffersonville* v. *Cotton States Belting Co.,* 30 *Ga. App.* 470 (4) (118 S. E. 442).

3. Where personal property, of a specified description, such as "one model sport, 43 W. B. or Reg. International Motor Truck, tire equipment, (size and kind) front 36x6; rear 38x7," was sold under a written contract which contained a limited warranty that it was "free from defects in material and workmanship under normal use and service," and which provided that the seller's "obligation under this guaranty" was "limited to making good at the factory any part or parts thereof which shall within ninety days after delivery of such truck to the original purchaser be returned to its branch house or factory   . . ," that "this warranty shall not apply to any motor truck  . . which shall have been repaired or altered outside of the company's [seller's] branch office or fac-

tory in any way, so as, in said company's judgment, to affect its stability or reliability, nor which has been subject to misuse, negligence or accident," that "the above warranties are in lieu of all other warranties, express or implied, and no person, agent, or dealer is authorized to give any other warranties on the company's behalf, or to assume for it any other liability in connection with any motor truck," although at the time of the sale the seller may have represented that the truck was suitable for the particular purpose intended by the purchaser, which was for operation over particular kinds of roads, and the seller may have advised the purchase of the truck for this purpose, there was no warranty that the truck should answer this particular purpose intended by the purchaser. *Jeffersonville* v. *Cotton States Belting &c. Co.*, supra. Where the seller afterwards, whether within the ninety-day period or otherwise, undertook to replace and repair parts of the truck, and where the purchaser paid therefor, the purchaser could not afterwards, in the absence of fraud, or a failure of the seller to make good any warranties resting on him in doing the work, plead as damages for a breach of warranty the amount of the payments thus made by him; nor could the purchaser claim as damages for a breach of the warranty contained in the contract any sums paid out by him to other persons in making repairs upon the truck. An assurance by the seller to the purchaser, which induced the purchaser to pay for the repairs made by the seller, that the purchaser "would have no more trouble" did not constitute fraud by the seller, authorizing the purchaser to recover these payments from the seller, where it did not appear that the seller at the time knew that the purchaser would have more trouble with the truck; and no breach of warranty by the seller in making the repairs, which would authorize the purchaser to recover of the seller therefor, is shown, where it does not appear to what extent the seller had, in making the repairs, failed to make good his warranty. Allegations that after the seller had made the repairs the truck would not "stand up under the ordinary duties required" of a truck of its description, and that "for this reason defendant was defrauded and induced to pay" part of the purchase-money on the truck, and the amount of the repairs, and that the truck "has shown itself not only to be impractical and unworthy, but very expensive to operate by reason of its tremendous upkeep," and is "absolutely worthless for any purpose, and not reasonably suited for the purposes for which sold, which said condition was known to the" seller when the purchaser "was defrauded by the purchase of said truck," are insufficient to show how and in what manner the purchaser was defrauded by the seller, or to what extent, if any, the seller had violated any warranty resting upon him, either by contract or by law. Upon the trial, in a suit in trover by the seller against the purchaser to recover the value of the truck, where it appeared from undisputed evidence that the contract of sale contained the limited warranty indicated above, and where the defendant's plea of failure of consideration and breach of warranty alleged the facts indicated above, it was not error to exclude evidence to the same effect, offered by the defendant in support of the plea.

4. An allegation by the defendant in his plea, in a suit in trover, that

the defendant "now in open court tenders" the property to the plaintiff and "says that it is not suitable for the purpose sold, or any purpose whatever for the reason set forth," does not constitute a tender. *Angier v. Equitable Loan Assn.*, 109 *Ga.* 625 (35 S. E. 64). And where it does not otherwise appear from the record that the defendant had made any tender of the property to the plaintiff or had disclaimed title thereto, the plaintiff is not, by virtue of a tender, precluded from obtaining a money verdict.

5. In a suit in trover by the vendor to recover of the purchaser personalty sold to which the plaintiff has retained title, the measure of damages is the balance due on the contract, with interest, provided it does not exceed "the value of the property at the time of the conversion, with interest or hire, or the highest proved value between the conversion and the trial." *Moultrie* v. *Hill*, 120 *Ga.* 730 (48 S. E. 143); *Elder* v. *Woodruff Hardware Co.*, 9 *Ga. App.* 484 (71 S. E. 806). ·

6. The agreed purchase-money as expressed in the contract is prima facie evidence of the value of the property, and where the value of the property as expressed in the contract is uncontradicted by the evidence as to value, the plaintiff is entitled to recover in an amount representing the balance due on the contract with interest. *Kalas* v. *Fay*, 31 *Ga. App.* 109 (120 S. E. 28); *Carter* v. *American Machine Co.*, 23 *Ga. App.* 422 (98 S. E. 365); *Jordan* v. *Jenkins*, 17 *Ga. App.* 58 (86 S. E. 278).

7. The plea of the defendant, although it alleges that the truck was "absolutely worthless for any purpose and not reasonably suited for the purposes for which sold," nevertheless alleges that the truck, when purchased, was worth $1,000, and that, during sixteen months after it was purchased, it was used by the defendant for transportation purposes, but that it "was not practical for heavy work, would not stand up under the ordinary duties required of a two ton truck, . . [but] . . has shown itself not only to be impractical and unworthy, but very expensive to operate by reason of its tremendous upkeep, and also the serious delays which are occasioned in hauling meat and other perishables over a regular transportation line such as was operated by defendant." The plea therefore amounts to an admission that the truck possessed some value. Since there is no competent relevant evidence under the pleadings that the truck possessed no value, and since there is no evidence which would authorize an inference as to its value being other than in the amount of the purchase-money as expressed in the contract, the evidence demanded the inference that the value of the truck at the time of its conversion and since was not less than the amount of the unpaid purchase-money. Any evidence that the truck was "worthless" and "had given untold trouble" was irrelevant and inadmissible under the pleadings. The plaintiff having elected to take a money verdict, the court, under the pleadings and the uncontradicted relevant evidence, properly directed a verdict for the plaintiff in an amount representing the unpaid purchase-money. See, in this connection, *Southern Granite Co.* v. *Dorn*, 37 *Ga. App.* 564 (141 S. E. 59).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided October 4, 1930.

*Lewis A. Mills, Henry McAleer,* for plaintiff in error.
*Hartridge & Brennan,* contra.