23326. KING *v.* IRWIN.

DECIDED OCTOBER 6, 1933.

W. L. Nix, for plaintiff in error.   J. Wilson Parker, contra.

BROYLES, C. J.   W. H. Irwin brought a suit in trover against L. H. King to recover an automobile truck, together with the rental value thereof, which he alleged he had sold King under a conditional-sale contract dated November 30, 1931, reserving title in the vendor and providing for monthly payments of $54.   When the case was called for trial neither the defendant nor his counsel was present in court.   The plaintiff introduced a paper signed by the defendant acknowledging receipt of the property, that $432 was due on the purchase-price, and that title remained in the vendor until the balance of the purchase-price was paid.   He introduced also the conditional-sale contract showing retention of title in the plaintiff, the purchase price, and two credits for $20 and $25 made in January and February, 1932, respectively.   The plaintiff elected to take a money judgment, and the court directed a verdict against the defendant and the sureties on his replevy bond, for $388.49 as the value of the property, and $31.25 for hire thereof.   The defendant made a motion for a new trial, which the court overruled on condition that the plaintiff write off from the verdict the amount of $31.25 recovered for hire of the property.   The plaintiff did this, and the court's order overruling the motion was made absolute; and on this judgment the defendant assigns error.   The trial judge expressly disapproved the 4th ground (1st special ground) of the motion for a new trial, and, therefore, it can not be considered.

■   The plaintiff having written off from the verdict the amount recovered for the hire of the property, there is no merit in subdivisions a, b, c, d, and e of the 5th ground of the motion for a new trial, relative to the date of conversion and the value of the hire. Subdivision f of the ground is as follows: "The direction of a verdict for plaintiff was error for the reason that the jury was authorized to find from the evidence that the parties had departed from the terms of the original contract and had paid and received money under such departure, and plaintiff had given defendant no reason-

able notice before filing suit that it was his intention to rely on the exact terms of the agreement." Not only did the defendant introduce no evidence as to this (having introduced no evidence at all), but his answer raised no issue as to a departure from the terms of the contract, and made no reference to it. The only denials contained in the defendant's answer were as to the title of the plaintiff, the value of the truck, and the value of the hire. Moreover, the fact that the plaintiff accepted from the defendant two payments aggregating $45, when three payments aggregating $162 and interest were due, "would not be such a departure from the terms of the contract as to necessitate notice from the vendor to the vendee, of the intention of the former to rely upon the exact terms of the original contract relating to payments." *Young* v. *Durham*, 15 *Ga. App.* 678 (2) (84 S. E. 165). There is no merit in this ground.

■ "The surety on a bond given by the defendant in an action of trover for the eventual condemnation-money is bound by the judgment against the defendant, and can not after judgment raise any question which could have been raised by the principal before judgment." *Waldrop* v. *Wolff*, 114 *Ga.* 610 (7) (40 S. E. 830). See also Civil Code (1910), § 5151; *Jackson* v. *Guilmartin*, 61 *Ga.* 544. The amount of the verdict for the hire of the property having been written off by the plaintiff, the judgment against the sureties, under the foregoing authority, is not subject to the criticism lodged against it in the 6th ground of the motion.

■■ "The agreed purchase-money as expressed in the contract is prima facie evidence of the value of the property, and where the value of the property as expressed in the contract is uncontradicted by the evidence as to value, the plaintiff is entitled to recover in an amount representing the balance due on the contract with interest." *Dasher* v. *International Harvester Co.*, 42 *Ga. App.* 130 (6) (155 S. E. 211). The evidence authorized the verdict for which judgment was finally rendered, no error of law is shown, and the court did not err in overruling the motion for a new trial.

It not being clearly apparent that the writ of error was prosecuted for delay only, the request of the defendant in error, that ten per cent. damages be awarded under section 6213 of the Civil Code of 1910, is denied.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*