28043. EDMONDS *v.* BEATIE.

DECIDED MARCH 15, 1940.

*George F. Fielding,* for plaintiff in error.

*W. F. Buchanan, Ben Anderson Jr.,* contra.

MacIntyre, J. The following questions are presented: Was Beatie's claim under the note and bill of sale an estate which was merged into his claim against Edmonds under the distress warrant, or did Beatie purchase the note and bill of sale to protect himself, and to hold the note and bill of sale as a claim against Edmonds, the person liable to pay the same? Edmonds contends that when Beatie purchased the outstanding title to the automobile which had been seized under his distress proceeding, and while legal title was in him, he elected to let this action proceed to a sale, and at such sale he bid in the property and thus there was a merger. Further: "At this sale there could have been nothing to sell except the equity of redemption which the plaintiff in error [Edmonds] had in the automobile, all of this being well known to the defendant in error [Beatie]; and when he made this purchase of the plaintiff's [Edmond's] equity he then became the absolute owner of this property; and it has been held time and again by this court and the Supreme Court that 'if two estates in the same property united in the same person in the same capacity, and it is contended that no merger took place, the person making such contention, if entitled to do so, must allege and prove facts negativing the existence of such merger.' *Muscogee Mfg. Co.* v. *Eagle & Phenix Mills,* 126 *Ga.* 210 (7) [54 S. E. 1028, 7 L. R. A. (N. S.) 1139]." Edmonds also cites *Jackson* v. *Tift,* 15 *Ga.* 557; *Marshall* v. *Dixon,* 82 *Ga.* 436 (9 S. E. 167), and *Pitts Banking Co.* v. *Fenn,* 160 *Ga.* 854 (129 S. E. 105). The quotation from the *Muscogee* case, supra, is from headnote 7; but in the opinion it was said: "The principle that a merger of an equity of redemption into a legal estate may be prevented, and whether it occurs depends to a considerable extent on the intention of the person in whom the two estates meet, has been carried forward into decisions rendered since the Code went into effect. See *Marshall* v. *Dixon* [supra]; *Ferris* v. *Van Ingen,* 110 *Ga.* 111 [35 S. E. 347], where it was held that the intention that there should be no merger was a necessary deduction from the writings themselves; *Coleman & Burden Co.* v. *Rice,* 115 *Ga.* 510 [42 S. E. 5]. But 'If two estates in the same

property unite in the same person in the same capacity, the lesser estate is merged in the greater, unless there is a manifest intention that such merger shall not take place.' *Goodell* v. *Hall,* 112 *Ga.* 435 [37 S. E. 725]; *Jackson* v. *Tift,* 15 *Ga.* 557; *Woodside* v. *Lippold,* 113 *Ga.* 877 [39 S. E. 400, 84 Am. St. R. 267]; *Clay* v. *Banks,* 71 *Ga.* 363; *Luquire* v. *Lee,* 121 *Ga.* 633 [49 S. E. 834]. And where it is manifest that the person in whom the two estates meet intends that the merger shall take place, it can not be defeated by other parties. *Wilder* v. *Holland,* 102 *Ga.* 46 [29 S. E. 134]." It also appears in the *Muscogee* case that the court quoted approvingly from *Knowles* v. *Lawton,* 18 *Ga.* 476 (2, 3) (63 Am. D. 290), as follows: "If the holder of the equity of redemption takes an assignment of the mortgage which is in the process of foreclosure, and goes on with the suit of foreclosure, his intention, it is to be presumed, is that the equity of redemption shall not merge in the legal estate; and therefore, the equity of redemption does not merge in the legal estate." In the *Knowles* decision the court reasoned as follows: "'Upon this subject a court of equity is not guided by the rules of law. It will sometimes hold a charge extinguished, where it would subsist at law; and sometimes preserve it, where at law it would be merged. The question is upon the intention, actual or presumed, of the person in whom the interests are united. In most instances, it is, in reference to the party himself, of no sort of use to have a charge on his own estate; and where that is the case, it will be held to sink, unless something shall have been done by him to keep it on foot. The first question, therefore, is whether John Moffatt has done anything to determine that election—which he undoubtedly had—if not, the question will be upon the presumption of law, under the circumstances of the case.' (18 Ves. 390)."

■ The Code, § 24-211, provides: "Money raised by legal process not being subject to levy and sale, the court in making distribution proceeds upon equitable principles." While the municipal court is one of law, yet the funds should be distributed in accordance with equitable principles where a rule is brought to distribute funds which are in its custody. *Black* v. *Weaver,* 7 *Ga. App.* 507 (3) (67 S. E. 389). After the levy of the distress warrant and before the sale thereunder on October 3, 1938; Beatie, on September 13, 1938, bought a note and bill of sale which were outstand-

ing against the property levied on, said note and bill being dated March 23, 1938. On October 5, 1938, Beatie filed with the marshal of the municipal court a demand for the proceeds of the sale under the distress warrant, such demand being for the amounts claimed under the distress warrant and the note .and bill of sale. On October 12, 1938, Beatie filed his foreclosure proceeding on the note and bill of sale. He filed with the marshal of said court a second demand for the proceeds of the sale under the mortgage foreclosure; and on the same date filed a rule against the marshal, asking for a distribution of the proceeds of the sale, less the amount of the distress warrant and the amount due him under the foreclosure of the note and bill of sale, which should be paid to him out of the funds in the custody of the court from the sale under the distress warrant. Thus it seems to us it is a necessary deduction from the evidence that Beatie intended that there should be no merger. It is apparent that he bought the bill of sale and note to protect his interest, so that he could collect the distress warrant out of the proceeds of the sale, and then collect the amount due him on the note and bill of sale which he had purchased and foreclosed according to law. It seems to us that every act he did at the time of and after the purchase of the bill of sale evidenced the fact that he did not intend a merger. The judge of the municipal court erred in holding "that the equitable and legal title became merged, and the debt for which the legal title was held for security is extinguished;" and the judge of the superior court did not err in sustaining the certiorari and in granting a new trial. *Perry* v. *First Mutual Building & Loan Asso.*, 174 *Ga.* 914 (164 S. E. 804); *Pope* v. *Hammond*, 168 *Ga.* 818, 824 (149 S. E. 204).

■ After judgment was rendered adversely to him in the distress-warrant proceedings in the municipal court, Edmonds moved for a new trial, and on the hearing of his motion the judge granted him a new trial, and then instanter entered a judgment against Beatie, the plaintiff. Beatie thereupon, on his petition, obtained a certiorari; and when it came on to be heard in the superior court, Edmonds filed a motion to dismiss the writ of certiorari, for the reason that neither the grounds on which the motion for new trial was sustained nor the grounds urged in the motion for new trial appeared in the petition for certiorari. The motion to dismiss was overruled, and Edmonds excepted. The judge of the

municipal court, in one and the same paper, and practically at one and the same time, sustained Edmonds' motion for new trial, and rendered a judgment against Beatie, reciting in said judgment the material facts and his specific reasons for his rulings. This judgment is quoted and appears in its entirety as a part of paragraph 11 of the petition for certiorari, and in this judgment both the grounds which were urged in Edmonds' motion for new trial and the grounds on which the motion was sustained are fully and specifically set forth. It should be kept in mind that Beatie was not given an opportunity to file or urge any grounds in a motion for new trial in his own behalf. He was cast in this position by the rulings of the judge on Edmonds' motion for new trial, which held in effect that this motion was sustained, that a final judgment instanter be entered in favor of Edmonds, and that any and all motions for a new trial which Beatie might make were overruled. Beatie's petition for certiorari presented questions of law for determination, namely: (1) Since Edmonds had filed no pleading, he was not a party to the case, and therefore was not entitled to make a motion for new trial. (2) Since the municipal court had under consideration only a motion for new trial, it was without authority of law to enter a final judgment in the case. (3) The judgment awarding the fund in court to Edmonds was contrary to law and contrary to the principles of equity by which rules to distribute funds are governed. All the evidence submitted at the trial is set out in the petition for certiorari, and all that portion of the evidence which the judge thought was material is recited in the judgment itself, a copy of which is incorporated in said petition. In addition to the assignments of error on the ground that the judgment was contrary to law, as set out in paragraphs 12 and 13 of the petition for certiorari, Beatie assigned error because the final judgment was contrary to the evidence submitted at the trial. All of the material evidence submitted at the trial is set out in the petition for certiorari, with copies of the pleadings. The assignments of error were sufficiently complete for the judge of the superior court to determine what errors of the trial court were complained of, in that the errors were plainly and distinctly set forth in the petition for certiorari. The judge of the superior court did not err in overruling the motion to dismiss the certiorari. *Birdford Supply*

*Co.* v. *Edwards,* 16 *Ga. App.* 518, 520 (85 S. E. 687); *Wrenn* v. *Bowden,* 56 *Ga. App.* 713, 715 (193 S. E. 456).

Judgment affirmed. *Broyles, C. J., and Guerry, J., concur.*