A married woman may not pledge her property to secure her husband's debt, nor can she ratify a pledge of her property by him for such purpose. The petition did not show that the wife's conduct or negligence was the proximate cause of her husband's ability to lead the defendants to believe the property pawned was the husband's property, and set forth a cause of action for the conversion of the property.
 DECIDED MAY 6, 1942.
Mrs. F. C. Hodges sued Green Loan Association, alleging that her husband, without her knowledge, consent, or authority pawned certain personal property at defendants' pawnshop. That plaintiff is an inexperienced lady without any business training or knowledge of transactions respecting the pledging of property with pawnbrokers, and by reason thereof, within a few days thereafter, she went to the pawnshop of the defendants, and in an effort to save her property tendered the defendants a ten-dollar bill, with the request that defendants apply such part of same as was necessary to pay the interest on said loan in order to defer it until such time as her husband could redeem the property, and from said ten-dollar bill the defendants deducted $8 returning to the plaintiff $2, and although plaintiff demanded a receipt it was refused. At that time plaintiff told defendants that said property was her property, and that her husband had been given no authority to pawn same. That subsequently, from time to time, plaintiff, without knowing her rights, sent the defendants additional payments, all of which aggregated $32, but for none of these did the defendants send her any receipts. That on October 3, 1935, defendants wrote plaintiff that the interest on said loan was $2 per month, and that plaintiff had paid only one month's interest, leaving a balance of $68 due defendants as of October 14, 1935, and, further, that the property was subject to be sold but that if she could not pay said sum in full she could pay "some back interest and make it safe;" and that if she wanted same they suggested that she get in touch with them. That defendants on said date, October 3, 1935, still had said property in their possession. That in response to another letter plaintiff received from the defendants dated November 12, 1935, in which they further admitted that they still had the property and that the amount then due was *Page 323 
$70 and that they would hold the same until December 1, 1935. That since the receipt of said letter of November 12, 1935, the defendants informed plaintiff that they had placed her property on sale in their store and had sold all of it at various times to different persons, without keeping any record of any of said sales or the various amounts for which the same had been sold. That said property was sold by the defendants without their compliance in any respect with the statute requiring that such sales be made at public outcry and upon thirty days notice, but on the contrary said defendants treated said property as their own and sold it at private sales from time to time, without proper notice to plaintiff, and that said sales were therefore void and amounted to an unlawful conversion of plaintiff's property. That when plaintiff made demand on said defendants for an accounting for her said property the same was refused, and plaintiff was shown the contract respecting said pawn of said property, which purported to have been signed by plaintiff's husband at said time when the pawn was made with defendants, and on inspection of said contract plaintiff observed that it did not contain a recital of all the articles herein set forth which were pawned with the defendants, but on the contrary recited only a part of said articles, the exact amount of which plaintiff could not definitely determine, but she alleges to the best of her information and belief that the articles listed numbered approximately seventy-six. That plaintiff further observed, on the inspection of said contract, that the same had to all appearances been altered, in that figures were written over with both pen and pencil, and she alleges that same had been fraudulently and materially altered by defendants to make it appear that the defendants did not receive all of the articles which they did receive as listed in "Exhibit A" to the petition. That the amounts paid by her on said interest and loan aggregating the sum of $32 were not paid on obligations of her own, but were paid on the obligation of her husband, she being then a married woman and living with her husband, and that she is entitled to recover these sums, together with interest on same at the legal rate. That plaintiff is also entitled to recover of defendants interest at the legal rate on the bill of said goods, to wit, $690.75, from December 1, 1935, said date being the last date on which defendants acknowledge that they were in possession of the property. *Page 324 
The defendants filed a general demurrer which was overruled, and they excepted.
The court did not err in overruling the general demurrer. It alleges that the husband pawned the property without petitioner's knowledge or consent, and that it was sold by the defendants. Petitioner's effort to save the property by paying interest would not affect her rights. A wife can not bind her separate estate by delivering her property in pledge for her husband's debt. Gross v. Whitley, 128 Ga. 79 (57 S.E. 94);Groover v. Savannah Bank Trust Co., 186 Ga. 476
(198 S.E. 217). Neither can she, by ratification or otherwise, give or pledge her estate to his creditor for her husband's debt. Code § 53-503; Grant v. Miller, 107 Ga. 804 (33 S.E. 671);Carlton v. Moultrie Banking Co., 170 Ga. 185
(152 S.E. 215). The petition does not show on its face that the conduct or negligence of the petitioner was the proximate cause of the husband's ability to lead the defendants to believe that the property pawned was his property. The court did not err in overruling the general demurrer to the petition.
Judgment affirmed. Stephens, P. J., and Sutton, J., concur.