### 29873. BROOKS *v.* ARLINE.

Decided January 27, 1943.

*Steve M. Watkins* and *Frank L. Forester,* for plaintiff.
*A. J. Whitehurst,* for defendant.

Felton, J. J. C. Arline, doing business as Culpepper's Store sued Mr. and Mrs. H. E. Brooks on an account stated in a justice's court. Mrs. H. E. Brooks filed an answer in which she alleged that the account was for groceries and other necessities of life as designated by the Code; that she is a married woman living with her husband and that the items sued for were necessities of life furnished by her husband to the members of his family at his home;

that the bill was made by her husband and that she could not as a matter of law become liable for her husband's debts. H. E. Brooks filed no answer and a judgment by default was rendered against him by the justice. The justice found in favor of Mrs. Brooks. Arline appealed the case to a jury in the justice's court, and on the trial the jury found in favor of the plaintiff against Mrs. Brooks for the full amount sued for. Mrs. Brooks filed a petition for certiorari, the petition being sanctioned on May 30, 1942. Attached to the petition for certiorari is the following affidavit: "Personally came before me, Mrs. H. E. Brooks, who on oath says that the foregoing petition for certiorari is not filed in the case for the purpose of delay only; that she is advised and believes that she has good cause for certioraring the proceedings to the superior court, and that, owing to her poverty she is unable to give the security as required by law, and that the facts stated in the foregoing petition, so far as derived they come within her knowledge, are true, and so far as derived from the knowledge of others she believes them to be true." This affidavit bears date May 30, 1942. The assignments of error in the petition for certiorari are as follows: "A. The order of the court overruling the objection of defendant to the admission of evidence as set out in paragraph 4 of the petition. B. The verdict of the jury and the judgment of the court as set out in paragraph 8 of the petition, because the same are contrary to law; are without the evidence to support the same; are contrary to principles of justice and equity."

The petition for certiorari alleges that the case was originally tried before a jury in justice's court before J. J. Gainey, presiding judge. The petition further shows that the judgment of the justice's court was signed by Jesse J. Gainey, N. P. and Ex-officio J. P. The writ of certiorari was directed to Jesse J. Gainey, Notary Public and Ex-officio Justice of the Peace. The defendant in certiorari filed two motions to dismiss the certiorari, the first being on the ground that the petition for certiorari did not have filed with it the affidavit required by Code, § 19-205. The second motion is on the grounds that the assignments of error in the petition are not valid assignments, and that the writ is directed to "Jesse J. Gainey, Notary Public and Ex-Officio Justice of the Peace, etc.," and the petition does not show and set out that this is the magistrate who presided in the court below, "nor that this

is the court from whence certiorari is desired." On hearing the motions the judge of the superior court passed the following order: "Upon hearing the above case, and considering all of the pleadings, it is ordered by the court that the certiorari be overruled and dismissed."

1. There is no merit in the contention of the defendant in certiorari that the petition for the writ was not properly verified. Under the law a petition for writ of certiorari may be applied for under one of two Code sections. If applied for under Code § 19-205 the affidavit prescribed in that section must be filed with the petition. If applied for under Code § 19-208 the affidavit prescribed by the section must be filed with the petition. Under the first section, the costs must be paid and a bond for the eventual condemnation money must be given by the applicant. Under the second section the application is made in forma pauperis, and the costs need not be paid, or the bond given, though in the case at bar the costs were paid and it was so certified by the magistrate. With the exceptions that in the affidavit required by Code § 19-205 the affiant must swear that he *verily believes* he has good cause for certiorari, and in Code § 19-208 he must swear that he *has been advised* that he has good cause, and the further statement concerning the inability to give the bond or pay the costs, there is no difference in the forms of the affidavits required by the two sections. This interpretation was put on the law by the Supreme Court in *Dorsey* v. *Black,* 55 *Ga.* 315, 316, where the court said: "Where a party applies for the writ of certiorari under section 4053 of the Code, the statute prescribes that he shall swear that he *'verily believes'* he has good cause for certiorari, and stops there; but where he applies, under section 4056, which is the case here, he is required to swear, in addition, that *'he is advised'* that he has such good cause." The sections of the Code cited in this excerpt are from the Code of 1873, and are in the Code of 1933 as §§ 19-205 and 19-208, respectively. It will thus be seen that while two affidavits are prescribed, each applies to an application for certiorari sought under a different section of the Code, and it can not seriously be contended that the intention was that the applicant should make both affidavits.

2. The second contention that the assignments of error are not valid assignments is without merit. The assignments which deal

with the admission of testimony over objection refer to a paragraph of the petition wherein the evidence, the objection, and the grounds of the objection are set out. This is sufficient to make a valid assignment. The assignment of error on the verdict and judgment is that the same are contrary to law, without evidence to support them, and are contrary to the principles of justice and equity. This is a sufficient assignment. *Edmonds* v. *Beatie,* 62 *Ga. App.* 246 (8 S. E. 2d, 559), and cit.

3. The petition shows that J. J. Gainey presided at the trial; that the judgment against the plaintiff in certiorari was signed by Jesse J. Gainey; and that the answer of the magistrate to the writ was signed by Jesse J. Gainey, which answer adopted all of the allegations of the petition as having transpired in his court. There is no merit in the contention that the certiorari should have been dismissed because the writ of certiorari is directed to Jesse J. Gainey.

4. There was a special plea filed by Mrs. Brooks in answer to the suit filed by Arline to the effect that it was an attempt to force her to pay her husband's debt. The uncontradicted evidence showed that some of the merchandise sued for was sold to and charged to Mrs. Brooks; that some of it was sold to and charged to Mr. Brooks; that some of it was sold to one or the other and charged to both of them; that a part of the account sued for was for money advanced to Mr. Brooks to enable him to take trips to enable him to find employment. There was no evidence that the items which were charged to Mr. Brooks were bought by him as agent for Mrs. Brooks or that they were bought because of a pre-existing contract whereby the purchases were the original undertaking of Mrs. Brooks. There could be no account stated as to the purchases made by and charged to Mr. Brooks, nor as to the money which was advanced to him. It does not matter that at a time after the charges were made she wrote a letter agreeing to pay the account or that she agreed in person to pay it. If the purchases were not her original undertaking she can not be held liable therefor, nor could she by letter or in person ratify the advance of money or charge of purchases made by the husband, not as her agent. *Green Loan Association* v. *Hodges,* 67 *Ga. App.* 322 (20 S. E. 2d, 179). The evidence demanded a finding for the plain-

tiff in certiorari at least as to a part of the account sued for, and the court erred in dismissing the certiorari.

*Judgment reversed.* *Stephens, P. J., and Sutton, J., concur.*