Covington v. McIntire.

---

No. 23,614.

F. L. COVINGTON, *Appellee,* v. W. T. McINTIRE (CHARLES W. WEST, as Executor of the Estate of W. T. McINTIRE, *Appellant*).

SYLLABUS BY THE COURT.

ACTION FOR DAMAGES—*Answer Alleged Res Judicata—Plea of Res Judicata Erroneously Stricken Out.* A judgment was rendered on a petition in which the plaintiff alleged that it was a corporation. The defendant in the action subsequently commenced an action concerning the same subject matter of litigation against an individual, who in his answer pleaded the former judgment in bar in the latter action and alleged that he was the real party plaintiff in the former litigation, that he was the sole owner of the business represented by the name of the plaintiff in that litigation, and that he was doing business under the name and style of the plaintiff therein. *Held,* that it was error to sustain a motion to strike out of the answer all allegations concerning the judgment in the former action.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed April 8, 1922: Reversed.

*W. S. Kretsinger,* of Emporia, and *John N. Davis,* of Kansas City, Mo., for the appellant.

*R. M. Hamer,* of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages from W. T. McIntire for the conversion of sheep pelts. Judgment was rendered in favor of the plaintiff for $371.77 and interest amounting in all to the sum of $435.17. The executor appeals.

The petition alleged that the plaintiff was the owner of a number of sheep pelts of the value of $1,000; that they were sold and disposed of by W. T. McIntire and converted to his use; and that the plaintiff was damaged in the sum of $1,000. The answer alleged that the matter in dispute had been adjudicated in the district court of Franklin county in an action entitled, *"McIntire Sheep & Goat Commission Co. vs. F. L. Covington, Layton McCandless and the State Bank of Rantoul,"* brought for the recovery of the value of the pelts which had been sold to Layton McCandless, and that judgment had been rendered in that action in favor of the McIntire Sheep & Goat Commission Company for $371.77. The petition in that action alleged that the McIntire Sheep & Goat Commission Company was a corporation. The answer in the present action alleged that W. T. McIntire was the McIntire Sheep & Goat Commission Company; that he was the sole owner thereof; and that he was doing business under that name and style. On the motion of the plaintiff that portion of the answer of W. T. McIntire which pleaded *res judicata* was stricken out. Apparently, W. T. McIntire died after this action was commenced, and Charles W. West was appointed his executor. The action then proceeded against the estate of W. T. McIntire, deceased.

The principal contention of the appellant is that striking out that part of the answer of W. T. McIntire which undertook to plead *res judicata* was error. He contends that the judgment in the former action was a bar to the plaintiff's recovery in the present action. Assuming that the allegations of the answer were true, the judgment is a bar unless McIntire cannot be heard to say that he was the real plaintiff in the former action. He was not named as a plaintiff in that action. The corporation was named as plaintiff, and judgment was rendered in its favor. W. T. McIntire was the real party interested in the subject matter of the litigation; he di-

rected the trial of the litigation; the judgment was for his benefit; and he received the money that was collected under it. He would have been bound by a judgment against the plaintiff in that action, and it follows that he can set up that judgment to prevent a recovery by the plaintiff against him in this action. Both actions concern one subject matter of litigation. It was error to strike out that part of the answer which pleaded *res judicata.*

Another matter is presented by the defendant. It has been examined. No error has been found in it. It is not necessary to discuss it.

The judgment is reversed, and the trial court is directed to deny the motion to strike out and to proceed with the cause.