RELIABLE WOODWORKING COMPANY, A CORPORATION, APPELLANT, v. FRANK LINDEMAN, RESPONDENT.

Submitted May 25, 1928—Decided October 15, 1928.

For the appellant, *Philip J. Schotland.*

For the respondent, *William Greenfield.*

The opinion of the court was delivered by

TRENCHARD, J. This is an action for trover and conversion. The Reliable Woodworking Company brought suit against the defendant, Lindeman, under the following circumstances: The Lindeman-Chevrolet Corporation was a dealer in Chevrolet cars. That company and the plaintiff company entered into a contract for the sale and purchase of one of these cars, the price to be $611.50. Some days afterwards the car was delivered, the plaintiff paying $50 in cash on account of the purchase-money and executing four promissory notes for the balance. These notes were delivered to the sales manager of the corporation, and he gave a receipt for them, stating that they were received "payable as per agreement." Later, on the same day that the car was delivered, the defendant, who was the president of the corporation, came to the prem-

ises of the plaintiff with an employe of the corporation, named Levine, bringing the notes with him. He threw the notes down in the office of the plaintiff and said that the contract for the purchase required the vendee to give two notes instead of four; that the sale was off; and expressly directed Levine to take the car away, and this the latter did. These facts appeared at the trial and were undisputed. At the close of the case the court directed a verdict in favor of the defendant, saying that, as the defendant came to the office of the plaintiff as the representative of the Lindeman-Chevrolet Corporation, and as he did not actually take the car himself, he could not be held responsible, the only party liable being the Lindeman-Chevrolet Corporation, or Levine, the party who actually took the car away.

We think this instruction was wrong. Whether the Lindeman-Chevrolet Corporation had a right to retake possession of this car or not was a question of fact in dispute at the trial, the plaintiff claiming that it had carried out its contract, the defendant insisting that it had not. Assuming that the jury would have found, as it might have found if the case had been submitted to it, that the taking was a violation of the right of the vendee and was without legal justification, then, we think, the defendant would have been liable.

The rule of law is that every person is liable in trover who personally or by agent commits an act of conversion, or who participates by instigating, aiding or assisting another. See cases collected in 38 *Cyc.* 2055.

The mere fact that the defendant was the president of the vendor corporation is immaterial if the taking, which he directed, was wrongful, because the rule is that a person who, acting as president of a corporation, converts property to the use of the corporation, cannot escape liability for the tort on the theory that he was acting merely as agent (*Semple* v. *Morganstern,* 97 *Conn.* 402; 116 *Atl. Rep.* 906; 26 *A. L. R.* 21), nor can he escapé liability on the theory that he did not personally actually take possession of the property, but merely directed an employe of the corporation, who was with him, to take the property away.

The respondent seeks here to justify the direction of the verdict in his favor upon the theory (not suggested at the trial) that there was no evidence of a demand by the plaintiff for the return of the car. To that contention it is a sufficient answer to say that where possession of a chattel was taken wrongfully, a demand therefor is not indispensable to the maintenance of an action for conversion. *Earle* v. *Vanburen,* 7 *N. J. L.* 344; 38 *Cyc.* 2035.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 15.