JULIUS A. ROSE, RESPONDENT, v. RALPH BERNHARDT AND JACOB WEISBERG, APPELLANTS.

Submitted October 31, 1930—Decided February 2, 1931.

For the appellants, *Burke, Sheridan & Hourigan* (*John W. Ockford,* of counsel).

For the respondent, *Seclow & Nessanbaum* (*Alexander Seclow,* of counsel).

The opinion of the court was delivered by

DALY, J. Judgment was entered upon a verdict in the Hudson County Circuit Court in favor of the plaintiff, Julius A. Rose, against the defendants Ralph Bernhardt, Jacob Weisberg and Irene Court, Incorporated, a corporation, for the fraudulent and unlawful conversion of rents belonging to the plaintiff.

The individual defendants, Bernhardt and Weinberg, have taken an appeal upon the contention that the trial judge should have directed a nonsuit in that there was no fraudulent and unlawful conversion of rents either on the part of the corporation or on their part. The corporate defendant does not appeal.

On June 27th, 1927, Irene Court, Incorporated, executed a $30,000 second mortgage to the plaintiff, Julius A. Rose, which by its terms became due September 27th, 1927, and which covered apartment house property in West New York, Hudson county, New Jersey. At the same time, Irene Court, Incorporated, executed an assignment of rents under which plaintiff was assigned a one-half share of the gross rents for the term of three months—the term of the mortgage, the same to be applied to the principal and interest of the mortgage; and, in the event the mortgage was not paid in full on its due date—September 27th, 1927, then there further was assigned to the plaintiff the total gross rents of the mortgaged premises beyond the due date until such time as the mortgage should be paid in full.

Bernhardt was the president of the Irene Court, Incorporated, and Weisberg was its secretary and treasurer; they engaged one Milstein to make the actual collection of the rents, and Milstein paid the same into the corporation through Bernhardt. One-half of the rentals for July, August and September was paid to the plaintiff as required by the assignment. The mortgage was not paid on its due date. Rent to the amount of $1,423.60 was collected by Milstein for the month of October; paid over by him directly to Bernhardt; deposited by Bernhardt to the corporation account and used by the corporation for the payment of its debts.

Rose was entitled to the total of the October rents according to the terms of the assignment.

It is admitted that sometime during the month of September, and before the due date of the mortgage, an interview took place between the plaintiff and Bernhardt and Weisberg relative to refinancing this property, at which interview the plaintiff expressed his willingness to assist in the refinancing by continuing his mortgage provided a reduction of $10,000 was made thereon. The plaintiff, Rose, asserts that at this meeting he notified Bernhardt and Weisberg that he, himself, intended to collect the October rents to which he was entitled under the assignment, and they requested him to allow them to continue the collection of the rentals in the way that had been followed as to the prior collections, and that if they did not succeed in their endeavor to refinance the property they would deliver the October rent so collected to him. To this he consented. The defendants, Bernhardt and Weisberg, denied this to the extent of asserting that the plaintiff agreed that they should continue the collection of the rents and urged that the same be applied by them to the upkeep and maintenance of the property during the time of the endeavor to refinance the property. Weisberg, alone, went further than this in asserting that the plaintiff specifically authorized the use of the October rents for the payment of debts of the corporation other than debts necessary to its maintenance and upkeep during the month of October.

Upon the motion for nonsuit for Bernhardt and Weisberg, the attorney for defendants contended there was no evidence of a fraudulent and unlawful conversion, and, that, even though there might be a claim of such against the Irene Court, Incorporated, Bernhardt and Weisberg were entitled to the nonsuit "as there was nothing to show that they had converted any of these moneys for their own purpose, or any other purpose, fraudulently." The trial judge denied this motion holding that from all the evidence in the case it was for the jury to determine whether this October rent was to be kept intact by the defendants and turned over by them

upon demand of the plaintiff (which demand was made more than once before the end of October), or, whether the use of this rent to the payment of the debts of the corporation had been authorized and consented to by the plaintiff; and, further, that in case the jury found there had been a fraudulent and unlawful conversion by the corporation, whether there had been such a participation therein by Bernhardt and Weisberg as to make them individually liable. We find that the trial court was justified in his refusal to nonsuit.

The Irene Court, Incorporated, was called a "creditors corporation," which had no interests other than this apartment house property; and, it is clear from the evidence it was managed by Bernhardt and Weisberg; that collection and disposition of the October rent was directed by them; that the bank account was under their control; and, that as a matter of fact the checks of the corporation drawn against this rent were signed by Bernhardt, as president, and Weisberg, as treasurer, though each had full knowledge of the assignment of the rent to the plaintiff since one had signed the assignment as president of the corporation while the other had attested it as the corporation's secretary. Where there is a fraudulent and unlawful conversion by the corporation then those who participate therein by instigation, aid or assistance are liable. 38 *Cyc.* 2055. The mere fact that Bernhardt was acting as the president of the corporation and Weisberg was acting as its treasurer and that they individually did not receive any of this money is immaterial since there was evidence to justify the jury in concluding there was an unlawful and fraudulent conversion by the corporation which was directed by them. *Reliable Woodworking Co.* v. *Lindeman,* 105 *N. J. L.* 121.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.