**SULZBACHER v. TRAVELERS INS. CO.**

No. 881.

District Court, W. D. Missouri, W. D.

May 13, 1942.

492

Miller, Gumbiner, Sheffrey & Van Valkenburgh, of Kansas City, Mo., for plaintiff.

Mosman, Rogers & Bell, of Kansas City, Mo., for defendant.

OTIS, District Judge.

The only purpose of writing any memorandum in connection with these motions is to make clear the court's position on one matter which was discussed in the argument of counsel. Learned counsel for plaintiff contended that there was no function for the court to discharge in connection with requests for admissions under Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and answers to such requests for admissions. Although counsel has found some district court opinions which appear to support his contention (doubtless they were entirely correct under the particular facts disclosed in the cases involved), he is certainly in error in the abstract proposition he has advanced.

■ Rule 36 authorizes requests for admissions but only as to "relevant documents" and "relevant matters of fact." Certainly any party of whom a request for admissions has been made under the rule may challenge the relevancy of the documents and admissions sought and may do that by motion before answering the request. For example (to take an extreme illustration), if a party should ask his adversary to admit that the moon is made of green cheese the adversary might properly move the court to suppress such a request.

■ Not only may the court pass upon the relevancy of matters which are sought in a request under Rule 36, but the court also has certain implied powers arising from the investment of the judicial power and of the power to supervise and control the trial of a case in all of its steps. The court should not hesitate to suppress a request for admissions which was absurdly onerous. Undoubtedly there is an implied provision in the rule that it shall be reasonably used and used consis-

tently with the general purposes for which Rules of Civil Procedure were prescribed by the Supreme Court.

■ I think it is sufficiently debatable with respect to the particular requests to which objection is made by defendant whether they are relevant that the motion to suppress the requests should be overruled. I think also that it is sufficiently debatable whether the responses objected to by defendant in its motion to strike certain responses are within the authorization of the rule that that motion also should be overruled.

Defendant's motions referred to in the caption of this memorandum are overruled. Exception allowed to defendant. So ordered.