## STRASSER et al. v. FASCINATION CANDY CO. et al.
### No. 44C1614.

District Court, N. D. Illinois, E. D.
Dec. 10, 1945.

Sullins & Schneider, of Chicago, Ill., for plaintiffs.

Harry M. Kroon, of Chicago, Ill., for defendants.

La BUY, District Judge.

Plaintiff's motion for summary judgment. It is alleged that defense of failure to state a claim raised by defendant's answer is insufficient because no particular defects in the complaint are called to the court's attention; that the answer denying the right of plaintiff to bring a representative suit is no longer pertinent since plaintiff is no longer appearing as a representative of other employees; that allegations of paragraphs 1 to 9 and second paragraph numbered 10 on page 4 and paragraph 11 of the complaint are admitted; and failure of defendant to comply with Federal Rules of Civil Procedure, Rule 36, 28 U.S.C.A. following section 723c, has resulted in defendant's admission of all facts requested thereby eliminating any questions of fact.

The complaint alleges plaintiff's functions were necessary to the production of candy for interstate commerce; defendant was engaged in interstate commerce; plaintiff was employed at stated days and hours and wages; and defendant failed to comply with the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., by omitting to pay plaintiff and other employees compensation in accordance therewith.

The defense in an answer that the complaint fails to state a claim or cause of action upon which relief could be granted admits all facts well pleaded and the reasonable inferences to be drawn from them, but no more. It does not admit either inferences or conclusions of fact not supported by allegations of specific facts upon which the inferences or conclusions rest, or conclusions of law. Weeks v. Denver Tramway Corp., 10 Cir., 108 F.2d 509.

In view of the foregoing, it cannot be deduced that such admission results in elimination of questions of fact not specifically disclosed to exist.

The Second Defense of defendant's answer raising the impropriety of plaintiff to sue on behalf of other unnamed members of his class becomes moot since plaintiff declares he has withdrawn from such capacity and sues only on his own behalf.

By the Third Defense of the answer defendant admits it was engaged in interstate commerce and that plaintiff's functions were necessary for interstate commerce. There is a denial of first paragraph numbered 10 setting forth the days, hours and wages paid to the plaintiff. Defendant asserts that no part of paragraph 10, page 3 containing these allegations is admitted, but on the contrary each of these allegations are specifically denied by the Third Defense. The court is therefore faced with an issue of fact whether or not plaintiff worked and was compensated as alleged.

However, plaintiff's request for admissions under Rule 36 is directed to the admission of exact number of hours worked during each workweek, the amount defendant actually paid plaintiff, and the amount which should have been paid plaintiff for such work. The request was made September 11th. On September 21st defendant served upon plaintiff its sworn reply. The sworn reply together with proof of service was filed with the Clerk of the Court September 25th. It is stated this was not a compliance with Rule 36. In accordance with Rule 5(d) of the Rules of Civil Procedure providing that all papers required to be served upon a party after complaint may be filed with the court a reasonable time after such service, the court holds such reply adequately filed. In any event there was no prejudice suffered by plaintiff by such act since he was already in possession of the reply on the date due, i. e. September 21st.

It is stated the reply does not comply with Rule 36 requiring the party to whom the request is directed to deny specifically the matters of which an admission is requested or set forth· in detail the reasons why he cannot truthfully either admit or deny those matters. The defendant's reply is in one sentence stating that they "do hereby specifically deny the truth of each and every matter and statement contained in said request for admissions aforementioned and numbered from 1 to 34 both inclusive."

In Walsh v. Connecticut Mutual Life Ins. Co., D.C.N.Y.1939, 26 F.Supp. 566, 567, 573, the court stated: "These Rules of Civil Procedure for the District Courts of the United States are simple and are intended to promote and not to obstruct the administration of justice and thus enable the Court to do substantial justice rather than to decide cases upon technicalities which have no relationship whatever to the rights of the parties to the litigation."

Since the reply to the request for admissions is not a strict compliance with Rule 36, the Court orders the reply stricken but grants leave to defendants to file within five days a proper answer setting forth the exact hours plaintiff did work and compensation paid to him. The purpose of the Rule is to expedite trial and relieve parties of cost and labor of proving facts which will not be disputed on the trial and the truth of which can be ascertained by reasonable inquiry. Van Horne v. Hines, D.C. 1940, 31 F.Supp. 346; Hanauer, for Use of Wogahn, v. Siegel, D.C.Ill.1939, 29 F. Supp. 329.