## 34232. GREENWOOD v. STEWART.

TOWNSEND, J. 1. (a) The statutory or "Jack Jones" forms of pleading (Ga. L. 1847, p. 203 et seq.) were not repealed by the Practice and Pleading Act of 1893 (Code § 81-103), and the language used in the declarations therein for the recovery of real estate or personal property, ". . to which your petitioner claims title", is a sufficient allegation of title in the plaintiff to support the action (*Dugas* v. *Hammond*, 130 *Ga.* 87, 60 S. E. 268) and "should be regarded as containing all the substantial and necessary averments of the common-law form for the same kind of action." See also *Breen* v. *Barfield*, 80 *Ga. App.* 615 (56 S. E. 2d, 791).

(b) The ruling in *Crews* v. *Roberson*, 62 *Ga. App.* 855 (10 S. E. 2d, 114), that the phrase "to which your petitioner claims title" in a statutory trover form is "a simple, direct statement of the ultimate fact which is determinative of the whole case, and by the will of the legislature, as expressed by the Jack Jones act of 1847, this is sufficient," is directly in line with the decision in *Dugas* v. *Hammond*, supra, and the request that this ruling be disapproved is hereby denied.

(c) Accordingly, a special demurrer directed at that portion of a statutory declaration in trover alleging that "the defendant in this action is in possession of the following property, to wit: 7 $100 United States Savings Bonds, Series E [numbers furnished] of the value of seven hundred dollars, to which your petitioner claims title" on the ground that "it is not shown upon what grounds plaintiff claims title" was properly overruled. The case was brought here by direct bill of exceptions, and the only error argued or insisted upon is the overruling of this special demurrer.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 16, 1952.

*Sullivan & Maner,* for plaintiff in error.
*Lewis, Wylly & Javetz,* contra.