**ARK–TENN DISTRIBUTING CORP. v. BREIDT et al.**

Civ. A. No. 171–50.

United States District Court
D. New Jersey.
March 3, 1953.

Frank H. Hennessy and Paul T. Huckin, Englewood, N. J., for plaintiff.

Charles Handler, Newark, N. J., for defendants.

MODARELLI, District Judge.

This is a suit against the president and treasurer of U-Need-A Vendors, Inc., a corporation. Plaintiff previously recovered a judgment against the corporation on March 14, 1949, in the sum of $4,875; execution was issued and returned unsatisfied. Plaintiff now seeks redress against defendants upon the ground that Harry Breidt and Jacob Breidt, or one of them, converted and appropriated or caused to be converted a trust fund.

The facts of the case were outlined in more detail in this court's opinion denying plaintiff's motion for summary judgment filed September 26, 1951. Briefly, plaintiff entered into a contract with defendants' corporation whereby it was to manufacture certain vending machines to

be purchased and distributed by plaintiff. Clause 42 of that contract provided that plaintiff would advance $5,000 to the defendants' corporation to be "held in trust during the period of this agreement, and subject to immediate repayment to distributor upon the termination date hereof * * *." It is clear from the use of the word "trust" and the provision requiring repayment upon termination of the contract, that the $5,000 was not to be comingled with the defendants' corporate funds.

Defendants' attorney upon the hearing of the motion argued that this contract was subsequently orally modified to permit use of the funds in other than the contracted for manner. He argued that grant of the motion would preclude him from demonstrating the modification which he was prepared to prove. At the trial the defendants proffered no evidence nor made any attempt to prove a modification. This court must, therefore, find from the clear language of the contract between plaintiff and defendants' corporation that the $5,000 was a trust fund and that a conversion resulted when the fund was comingled with other corporate assets of U-Need-A Vendors, Inc.

Consideration must be given to the role that Harry Breidt played in the operation of U-Need-A Vendors, Inc. It was the uncontradicted testimony of Harry Breidt that he did not invest one penny in U-Need-A Vendors, Inc., that he never signed any checks, income tax returns or obligations of that corporation or ever saw any such instruments. He never attended any annual meeting or directors' meeting. He was a dummy incorporator and a dummy officer.

The summons and complaint were served on Charles Handler as attorney for the Breidts on March 20, 1950. Attached to the marshal's return was the signed statement over the signature of Charles Handler, "I hereby acknowledge that I am authorized to accept service on behalf of my clients, Harry and Jacob Breidt, in the above mentioned." Harry Breidt testified that he never authorized Handler to accept service for him and that he had no knowledge of the suit until he was called in to sign and swear to the answers to interrogatories on November 21, 1951, in the office of Charles Handler. He further testified that the interrogatories and answers were not read to him and that he had no knowledge of their contents.

Plaintiff's attorney alleges that in response to a request for admission the Breidts stated that as officers of the corporation they had control of the funds in question. Plaintiff asserts that Harry Breidt is now precluded from establishing at the trial that he did not exert control over the fund.

█ It must be taken into account that Harry Breidt denied having been served the request for admission. The answers to the requests were signed by Charles Handler and sworn to by Jacob Breidt only. It is true that failure to deny is tantamount to an admission, but it is equally true under this rule as under the others, that technical considerations will not be allowed to prevail to the detriment of substantial justice. Barron and Holtzoff, Federal Practice and Procedure, Vol. 2, Section 837. See also Sulzbacher v. Travelers Ins. Co., D.C., 2 F.R.D. 491; Strasser v. Fascination Candy Co., D.C.Ill., 7 F.R.D. 267.

█ Simple justice demands that a person who has no knowledge of a request for admission should not be held liable for his failure to deny. In any event, admissions or denials in response to a request for admission stand in the same relation to the case that sworn testimony bears, Beasley v. United States, D.C.S.C.1948, 81 F.Supp. 518, and in the face of the credible testimony of Harry Breidt this court finds that Harry Breidt in truth had no control over the funds in question or any other funds of U-Need-A Vendors, Inc.

Defendants' witness Samuel Rosenberg, a certified public accountant, who did the accounting work for U-Need-A Vendors, Inc., and who had occasion to visit that company's Newark plant very often, testified that he had never spoken to or consult-

ed with Harry Breidt on any matters affecting the company's business. He never saw Harry Breidt at the plant once in dozens of visits there. He stated, "Jacob Breidt ran U-Need-A Vendors," and all of the instructions and information flowed from him.

This testimony was buttressed by William H. Moore, who served as secretary of U-Need-A Vendors for a time. Moore testified that he had occasion to visit the Newark plant two or three times per week. He never saw Harry Breidt there. He testified that Harry Breidt never signed any checks or obligations of U-Need-A Vendors, Inc.

It is true that corporate officers and directors are personally liable for misappropriated funds. Reliable Woodworking Co. v. Lindeman, 105 N.J.L. 121, 143 A. 333; Rose v. Bernhardt, 107 N.J.L. 501, 153 A. 609; Hirsch v. Phily, 4 N.J. 408, 73 A.2d 173. However, in all of the cases cited, the courts were careful to note that to hold a corporate officer or director personally liable, he must have actively participated in the fraudulent or unlawful conversion. See also Fletcher on Corporations, Vol. 3, Chapter 11, Sec. 1141, where the author states that such liability does not exist where the officer has no knowledge of, or opportunity to discover, the fraud or conversion. I am convinced that Harry Breidt had neither knowledge of the conversion nor the opportunity to discover the same.

Defendant, Jacob Breidt, the treasurer of U-Need-A Vendors, Inc., died on November 10, 1952, and an order was entered on January 23, 1953, substituting Rose Breidt, the administratrix of Jacob Breidt's estate, as codefendant to this action.

It is the decision of this court that the estate of Jacob Breidt must be held liable for the trust funds converted and misused by the U-Need-A Vendors, Inc., but that Harry Breidt, who did not participate in the operations of that corporation, is not liable.

An order may be submitted in conformity with the opinion herein expressed.