ARK–TENN DISTRIBUTING CORP.

v.

BREIDT et al.

Appeal of BREIDT.

Appeal of ARK–TENN DISTRIB-
UTING CORP.

Nos. 11080, 11081.

United States Court of Appeals
Third Circuit.

Argued Oct. 20, 1953.

Decided Jan. 8, 1954.

Paul T. Huckin, Englewood, N. J.
(Frank H. Hennessy, Englewood, N. J.,
on the brief), for plaintiff.

Charles Handler, Newark, N. J. (Sam-
uel H. Berlin, Newark, N. J., on the
brief), for defendants.

Before MARIS, GOODRICH and KA-
LODNER, Circuit Judges.

KALODNER, Circuit Judge.

Plaintiff, Ark-Tenn Distributing Cor-
poration, entered into a contract with
U-Need-A-Vendors, Inc. ("Vendors")
whereby the latter was to manufacture
certain vending machines to be purchas-
ed and distributed by the plaintiff. Un-
der the terms of the contract, plaintiff
turned over to Vendors the sum of $5,000
which was to be held in trust during the
period of the agreement. Vendors was
to pay itself from this fund $5.00 for
each machine completed and delivered
to plaintiff, and at the termination of
the contract " * * * any portion of
the $5,000 advanced which * * *
(had) at that time not been depleted
and/or exhausted by the delivery of ma-
chines * * * (was to) immediately

be repaid to the distributor." Vendors having defaulted on the contract, plaintiff brought suit to recover the fund, and on March 14, 1949, obtained a judgment against Vendors for $4,875. Execution was issued and returned unsatisfied.

Plaintiff then sued Harry Breidt, president of Vendors, and Jacob Breidt, its treasurer (now deceased), upon the ground that they, or one of them, converted and appropriated, or caused to be converted, the trust fund above described. The District Court for the District of New Jersey determined (1) the $5,000 was held by Vendors as a trust fund, (2) a conversion resulted when the fund was co-mingled with other corporate assets of Vendors, (3) Harry Breidt was a "dummy officer" of Vendors and did not participate in its operation and had no knowledge of the conversion or opportunity to discover it, and (4) Jacob Breidt was in control of the operations of Vendors; and accordingly concluded under applicable New Jersey decisions [1] that the estate of Jacob Breidt was liable for the converted trust fund and Harry Breidt was not liable.[2]

Plaintiff appealed from that part of the District Court's Order which directed that judgment be entered in favor of the defendant, Harry Breidt; the estate of Jacob Breidt appealed from that part of the Order directing that judgment be entered in favor of the plaintiff against the estate of Jacob Breidt.

 Plaintiff contends that the District Court erred in permitting over plaintiff's objection evidence that Harry Breidt did not participate in the management of Vendors. This contention is based, in the main, on the following facts: (1) in each of the three answers filed by the defendants' attorney there are averments that Harry and Jacob Breidt were president and treasurer, respectively, of Vendors; (2) in the reply to plaintiff's request for admissions there is an admission that the defend-ants were officers of Vendors; (3) item six of the Stipulation of Facts states that Harry and Jacob Breidt were president and treasurer, respectively of Vendors. Putting aside the fact that Harry Breidt did not sign any of the foregoing papers, an admission that one is an officer of a corporation is a far cry from admitting that one is active in its corporate affairs. As the District Court stated there are many corporation presidents who have neither financial investment in nor managerial duties with respect to corporations of which they are the nominal head. But, even if the statements are construed to amount to admissions by Harry Breidt of active participation in the corporate affairs of Vendors, under the Federal Rules of Civil Procedure, 28 U.S.C., technical considerations will not be allowed to prevail to the detriment of substantial justice, 2 Barron and Holtzoff, Federal Practice and Procedure § 837 (1950); 4 Moore, Federal Practice, § 36.08 (2d ed.1950) and admissions or denials in response to a request for admissions stand in the same relation to the case that sworn testimony bears. Beasley v. United States, D.C.E.D.S.C.1948, 81 F.Supp. 518. Since the evidence is not contradicted by the plaintiff that Harry Breidt took no active part in the management, operation or control of Vendors there is ample support for the conclusion of the District Court that Harry Breidt was not guilty of a conversion.

 Likewise, there is sufficient support in the record to warrant the finding that Jacob Breidt was in complete charge of the business of Vendors. This was sufficient to raise a prima facie case against the defendant Jacob Breidt, which was not rebutted. Hirsch v. Phily, 1950, 4 N.J. 408, 73 A.2d 173.

 We think that it is unnecessary to pass on the contention that there was a modification of the original contract because this issue was, in effect, abandoned in the court below. Such an issue,

---

1. Hirsch v. Phily, 1950, 4 N.J. 408, 73 A.2d 173.

2. The opinion of the District Court is reported in 1953, 110 F.Supp. 644.

raised by the pleadings, but not pressed at trial, in the absence of unusual circumstances, the ends of justice requiring it, will not serve as a basis for the appellate tribunal to reverse the trial court.

 Moreover it is quite doubtful whether the defense of modification of the original contract could have been raised on Jacob Breidt's behalf even during the trial below. As already mentioned, on March 14, 1949, plaintiff obtained a judgment against Vendors for the same $4875 which is the subject matter of the present suit. In addition, the record made at the trial of the instant case indicates that Jacob Breidt was in charge of the business and all the details of Vendors, and was a principal stockholder. Jacob Breidt, although not a party of record in the suit against Vendors, had substantial control of the defense put forth on the latter's behalf. Persons though not nominal parties may, by active and open participation therein, so connect themselves with litigation in which they are interested that the result is res judicata for or against them. Freeman, Judgments § 432 (5th ed. 1925). The effect of a prior judgment in this area is broadening. 65 Harv.L. Rev. 818, 857 (1952). Thus, in United States Envelope Co. v. Transo Paper Co., D.C.Conn., 1915, 221 F. 79, the Court said that where the defense of a corporate defendant in a suit to enjoin infringement of patents was actually conducted and carried on by one who was the president, manager, and owner of substantially all of the stock of the defendant corporation, the decree rendered therein was fully binding upon such individual although he was apparently not a nominal party thereto. And in Covington v. McIntire, 1922, 111 Kan. 79, 206 P. 319, 320, an action to recover damages for defendant's conversion of certain sheep pelts, in which defendant alleged that the action was barred by the judgment in favor of a corporation owned entirely by the defendant, rendered in a prior suit against the present plaintiff and others to recover the value of the same pelts, the court, in holding that the trial judge had erred in striking out that portion of the answer which set up the defense of res judicata, said:

> "The judgment is a bar unless (defendant) cannot be heard to say that he was the real plaintiff in the former action. He was not named as a plaintiff in that action. The corporation was named as plaintiff, and judgment was rendered in its favor. (Defendant) was the real party interested in the subject-matter of the litigation; he directed the trial of the litigation; the judgment was for his benefit; and he received the money that was collected under it. He would have been bound by a judgment against the plaintiff in that action, and it follows that he can set up that judgment to prevent a recovery by the plaintiff against him in this action. Both actions concern one subject-matter of litigation. It was error to strike out that part of the answer which pleaded res judicata."

Also, in Saxlehner v. Eisner, D.C.S.D. N.Y.1905, 140 F. 938, 941, affirmed 2 Cir., 1906, 147 F. 189, it was held that the principal stockholders of a corporation, who controlled the corporation, and aided in the defense of an action for trademark infringement against the corporation, were concluded by a judgment in such action in a subsequent action for infringement against them. The Court said the decree in the prior suit was "binding upon the defendants, and the evidence relating to their participation in the acts of infringement is res adjudicata."

Again in Davidson v. I. M. Davidson Real Estate and Investment Co., 1913, 249 Mo. 474, 155 S.W. 1, the Court held that the secretary and president of a corporation who controlled and managed on behalf of the corporation a suit instituted against it, urging in such suit that the corporation was the owner of the real estate involved in the suit, but at no time claiming any title in themselves, were estopped later to assert title in themselves.

To the same effect are Woodruff v. Coate, 1938, 195 Wash. 201, 80 P.2d 555, and Balis Bros. v. Latta, 1931, 102 Pa.Super. 66, 156 A. 596.

For the reasons stated the Order of the District Court will be affirmed.