42150. FORSYTH v. PEOPLES, INC. OF ROME.

SUBMITTED JULY 5, 1966—DECIDED OCTOBER 6, 1966—
JUDGMENT ADHERED TO ON REHEARING DECEMBER 2, 1966.

*Marson G. Dunaway, Jr.*, for appellant.

*Wright, Walther & Morgan, Clinton J. Morgan*, for appellee.

FRANKUM, Judge. 1. The petition, being in the Jack Jones form, was not subject to either general or special demurrer. *Macon & W. R. Co. v. Meador Bros.*, 67 Ga. 672, 674; *Breen v. Barfield*, 80 Ga. App. 615 (56 SE2d 791); *Greenwood v. Stewart*, 86 Ga. App. 764 (1a) (72 SE2d 539). The court did not err in overruling the grounds of demurrer as complained of.

2. The trial court did not err in admitting in evidence plaintiff's Exhibit 3, since the plaintiff's witness, who testified that he was employed by the plaintiff finance company, was

familiar with an account which the company had with a named individual who had given a note and bill of sale to the described automobile to the plaintiff and that plaintiff's Exhibit 3, which was the ledger card kept by the plaintiff in its usual course of business, correctly showed the balance owed by the named individual to the plaintiff on the aforesaid note and bill of sale to secure debt. This testimony was clearly sufficient to satisfy the requirements of *Code Ann.* § 38-711, and to render the exhibit admissible in proof of the balance due. *American International Industries v. Ivan Allen Co.,* 110 Ga. App. 148 (2) (138 SE2d 61).

3. While the 4th and 5th grounds of enumerated error and the appellant's contentions with respect thereto raise a number of nice procedural questions respecting the provisions of *Code Ann.* § 81-1011, relating to the manner of serving a request for admissions on the opposite party and the effect of an unsworn response to such request, in the view which we take of the record in this case, a consideration of those questions is unnecessary to a decision of this appeal. While in *Ross & Ross Engineers v. Testa,* 96 Ga. App. 821, 824 (2) (101 SE2d 767), this court held that under *Code Ann.* § 81-1011, requests for admissions and responses thereto are not a part of the pleadings in the case, that decision was only a negative one insofar as it undertook to define such papers, and the court did not go to the extent of deciding what such papers are. However, a study of the federal cases relating to Rule 36 of the Federal Rules of Civil Procedure, which is substantially the same (*Hobbs v. New England Ins. Co.,* 212 Ga. 513, 516 (93 SE2d 653)) as the Georgia Code section under consideration, makes it clear that the federal courts regard requests for admissions and responses thereto as constituting matters of proof and of evidence. Jones v. Boyd Truck Lines (D.C. Mo.) 11 F.R.D. 67; Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F2d 809, 812; Dulansky v. Iowa-Illinois Gas &c. Co., 92 FSupp. 118, 122. We adopt this interpretation of requests and responses thereto as sound and consonant with our practice. Such papers, not being a part of the pleadings in the case and being in the nature of evidence and relating

to the proof, must, therefore, before they can be considered by the trior of the facts, be introduced in evidence.

In this case it does not appear from the record or transcripts of the evidence transmitted to this court that the request for admissions filed by the plaintiff and served on the defendant and the response of the defendant thereto filed and served on the plaintiff were ever offered and admitted in evidence. These papers, when given the effect contended for by the plaintiff and when introduced in evidence, would have constituted evidence that the value of the automobile at the time of the conversion was $700. The plaintiff offered no oral testimony respecting the value of the automobile. The defendant testified that in his opinion the value of the automobile at the time he acquired it was no more than $250. This testimony was admitted without objection, and even if it be conceded that the formal introduction in evidence of the request for admissions and the response thereto was not necessary in order to have the jury consider them, the admission of the testimony of the defendant made a conflict in the evidence respecting the value of the automobile which could only have been resolved by the jury. The plaintiff could not recover in this case more than the balance shown to be due on its retention of title contract or the value of the automobile, whichever was less. *Dasher v. International Harvester Co.*, 42 Ga. App. 130, 132 (5) (155 SE 211). But, giving the record that interpretation most favorable to the plaintiff, it reveals that the value of the automobile was in dispute. It follows that the trial court erred in directing the verdict for the plaintiff.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

ON REHEARING.

In its motion for rehearing appellee contends that the ruling of the court in Division 3 of the opinion is erroneous because this court overlooked the fact that under Rule 36 of the Federal Rules of Civil Procedure there is no requirement that requests for admissions and responses thereto be filed with the court, whereas under the provisions of *Code* § 81-1011 as amended, there is such a requirement, and that this distinguishes the two rules and requires a different conclusion from

that reached by the federal courts in interpreting Rule 36. In so contending counsel for appellee themselves overlook the provision of Rule 5 (d) of the Federal Rules of Civil Procedure to the effect that all papers which are required under the provisions of federal rules to be served upon the opposite party after the complaint has been filed shall be filed with the court either before the service of such papers or within a reasonable time thereafter. This provision has been held to be applicable to responses to requests for admissions under Rule 36. Strasser v. Fascination Candy Co., 7 F.R.D. 267, 268 (4) (D.C. N.D. Ill.). There is, therefore, no substantial difference between the federal rules and the Georgia law, and, consequently, there is no merit in the appellee's contention in this regard.

*Judgment adhered to on rehearing.*